Cooper *v.* Forgey *et al.*

No. 1,837.

## Cooper *v.* Forgey et al.

Appellate Procedure.—*Sufficiency of Evidence.*—A verdict will not be disturbed on appeal, where there is evidence to support it, although it may be against the weight of the evidence.

Burden of Proof.—*Assuming Payment of Promissory Note in Consideration of Conveyance of Land.*—The burden of proving that defendants assumed the payment of the note in suit, in consideration of a conveyance of land to them by the makers thereof, rests upon the plaintiff.

Contract.—*Promissory Note.*—*Payment from Proceeds from Sale of Land.*—A purchaser of land under an agreement that it shall be sold, and that from the proceeds a note made by the grantors shall be paid, is not liable on such note until the land is sold.

From the Howard Circuit Court.

*D. A. Woods* and *C. N. Pollard,* for appellant.

*J. C. Herron* and *F. N. Stratton,* for appellees.

Davis, J.—This was an action instituted by the appellant against Andrew J. Forgey, James A. Forgey, William W. Harness, William L. Salmons, Lewis W. Harness and Thomas J. Harness. It is alleged in the complaint in substance that in 1889 said Andrew J. Forgey, James A. Forgey and William W. Harness executed to the appellant a note for $300.00, with interest and attorney's fees, and that afterwards in 1893, said Andrew J. Forgey conveyed two hundred and seventeen acres of land to said William W. Harness, William L. Salmons, Thomas J. Harness, and Lewis W. Harness, in consideration of an agreement by them to pay said Forgey's debts, including the note in suit. Answers were filed by the appellees, and on issues joined there was a trial by a jury, which returned a special

verdict, on which judgment was rendered in favor of appellant against said Andrew J. Forgey, James A. Forgey and William W. Harness for the amount due on the note with interest and attorney fees, and in favor of said William L. Salmons, Thomas J. Harness and Lewis W. Harness.

The jury found among other things, that the only consideration for said conveyance of the real estate was that the real estate should be sold and that from the proceeds of sale appellant's note should be paid. There was no finding that the grantees or any of them agreed to pay the note.

The errors assigned are that the court erred in overruling appellant's motion for a new trial, and also his motion for a *venire de novo*.

The only argument in support of the motion for a new trial is that the verdict of the jury is not sustained by the evidence, and is contrary to the evidence. The evidence is conflicting. The weight of it may be in the appellant's favor, but as there is evidence in the record supporting the verdict, we cannot disturb the decision of the jury on this question. In support of the motion for a *venire de novo*, the contention is, that the verdict is defective because there is no finding upon the issue joined as to whether the grantees agreed to pay the note in suit. The question sought to be presented in this case by the motion for a *venire de novo* is more properly presented by the motion for a new trial. On this issue the burden of proof was on the appellant. In view of the conflict in the evidence, the failure of the jury to find that the agreement alleged was made, was equivalent to a finding against the appellant. The allegation is, that the consideration for the conveyance was an agreement by the grantees to pay the grantor's debts, including the note in suit. The finding is that

the consideration for the conveyance was an agreement that the real estate should be sold and the proceeds applied to the payment of his debt, including the note in suit. There is no finding that the real estate has been sold.

We have read the record in the light of the argument of counsel and find no error that would justify us in reversing the judgment of the trial court.

Judgment affirmed.

Filed January 10, 1896.